Joe MAYES, Plaintiff-Appellant,

v.

David VINCENT et al., Defendants-Appellees.

No. 17652.

United States Court of Appeals
Sixth Circuit.
Jan. 26, 1968.

Joe Mayes, in pro. per.

David Vincent, Nashville, Tenn., Thomas I. Carlton, Jr., Asst. Metro Atty., Dept. of Law, Nashville, Tenn., Cecil D. Branstetter, Nashville, Tenn., for appellee.

Before PHILLIPS, EDWARDS and McCREE, Circuit Judges.

PER CURIAM.

Plaintiff-appellant filed a claim against the estate of a decedent in the Probate Court of Davidson County at Nashville, Tennessee. The administrator filed exceptions to the claim. The Probate Court sustained the exceptions and disallowed the claim upon the ground that claimant failed to appear after having been duly notified of the hearing.

This action was filed in the District Court against the administrator of the estate, the clerk of the Probate Court and the attorney for the estate, asserting that plaintiff received no notice of the hearing on his claim. The District Court sustained a motion to dismiss. The record shows that there is no diversity of citizenship or other facts that could confer jurisdiction on the District Court.

The procedure for reviewing a decision of the Probate Court of Davidson County is by appeal to the Court of Appeals or the Supreme Court of Tennessee. Chapter 124, Tennessee Private Acts of 1963, § 5; Pritchard's Law of Wills and Administration of Estates, § 39c (3rd ed., Supp. 1965–66).

This panel was appointed by the Chief Judge pursuant to Rule 3(5) of the rules of this Court to review cases next awaiting hearing. After a careful examination and study of the brief of appellant and the entire record, it is our opinion that the appeal should be dismissed under Rule 18(6) of the rules of this Court, as amended December 12, 1967,[1] because of lack of jurisdiction over the subject matter and because of failure to state a claim upon which relief can be granted. Rule 12(b), Fed.R.Civ.P.

Appeal dismissed by the Court sua sponte.

---

1. 18(6) Frivolous and Unmeritorious Appeals

"If upon the hearing of any interlocutory motion or as a result of a review under Rule 3(5), it shall appear to the Court that the appeal is frivolous and entirely without merit, the appeal will be dismissed."